UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH GRIFFIN,

                    Plaintiff,

        -against-

KATHERINE DeMARTINI, ASSISTANT
DISTRICT ATTORNEY (PROSECUTOR);
JUDGE APRIL NEWBAUER; JUDGE BETH
BELLER; JUDGE MIRIAM BEST,

                    Defendants.

25-CV-674 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who currently is incarcerated at the Robert N. Davoren Center on Rikers Island,

brings this action, *pro se*, under 42 U.S.C. § 1983, naming three state court judges and a New

York County Assistant District Attorney. By order dated February 10, 2025, the Court granted

Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For

the following reasons, the Court dismisses the complaint.

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on

any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*,

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Named as Defendants in this action are three judges sitting in the New York State Supreme Court, New York County, Criminal Term – April Newbauer, Miriam Best, and Beth Beller; and New York County Assistant District Attorney Katherine DeMartini. The following facts are drawn from the complaint.[2]

Plaintiff is in custody under a 2024 indictment. (ECF 1 at 5.) Plaintiff alleges that he filed a meritorious motion to dismiss the indictment on the ground that he was denied the right to testify before the grand jury, in violation of N.Y. Crim. Proc. L. § 190.50, but Judge Newbauer improperly refused to consider the motion. (*Id.* at 4.) According to Plaintiff, other judges and prosecutors were "well aware" that there was "no signature" on the "grand jury waiver" form, which rendered it invalid. (*Id.*)

Plaintiff also asserts that he filed a meritorious motion to dismiss the indictment on the ground that his right to a speedy trial under N.Y. Crim. Proc. L. § 30.30 had been violated, but Judge Best improperly denied the motion. (*Id.* at 6.) Finally, during a hearing, Judge Beller stated that the prosecutor's request for an adjournment of time was "excludable," and therefore "would not be grounds for" relief under Section 30.30. (*Id.* at 28.) Judge Beller also denied Plaintiff's application for bail. (*Id.* at 31.) Plaintiff claims that the facts he alleges "establish [the] bad faith exception" under *Younger v. Harris.* (*Id.* at 5.)

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Attachments to the complaint include documents and transcripts from the state court proceedings, documents from events occurring at Rikers Island, and letters to Plaintiff from a what appears to be a debt collector stating that Plaintiff had paid his debt. (*Id.* at 16-57.)

After he filed the complaint, Plaintiff also filed a fact statement and letter seeking "expedited service" and to be released from custody. (ECF 6-7.)

## DISCUSSION

### A.    Judicial immunity

Plaintiff alleges that Judges Newbauer, Beller, and Best violated his federally protected rights. To state a claim under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Plaintiff seeks damages from Judges Newbauer, Beller, and Best arising from their judicial role in Plaintiff's criminal court matter. These claims concern "acts arising out of, or related to, individual cases before" them, and they are immune from suit for such claims. *Bliven*, 579 F.3d at 210.

Although "judicial immunity does not bar a claim for prospective injunctive and declaratory relief," *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016), a court's ability to award injunctive relief against a judicial officer under Section 1983 is strictly limited. As amended in 1996, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Plaintiff is not entitled to injunctive relief in this action against Judges Newbauer, Beller and Best because Plaintiff has "allege[d] neither the violation of a declaratory decree, nor the unavailability of declaratory relief," despite to the availability of mechanisms for such relief. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999). "[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." *Davis v. Campbell*, No. 3:13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014)); *see Brik v. Brodie*, No. 23-CV-4330, 2023 WL 4373557, at *1 (E.D.N.Y. July 6, 2023) (dismissing plaintiff's claims for injunctive relief against judge, *inter alia*, because plaintiff "does not seek to remedy a harm that is truly prospective, [and plaintiff] does show any entitlement to declaratory relief" based on the judge's past conduct).

The Court therefore dismisses Plaintiff's claims against Judges Newbauer, Beller, and Best based on absolute judicial immunity and, therefore, as frivolous, and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].").

B.    **Prosecutorial immunity**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that Assistant District Attorneys' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and prosecutors were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*)).

Here, Plaintiff's claims against Defendant DeMartini are based on actions within the scope of her official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

C.     **Claims arising from criminal proceedings**

1.     **Intervention in ongoing criminal proceedings**

The Court must dismiss Plaintiff's request that this Court intervene in his pending state-court criminal proceedings. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."); *Gristina v. Merchan*, 131 F.4th 82, 86-88 (2d Cir. 2025) (discussing *Younger*).

"[B]ad faith or harassment" exists when the party bringing the state court action has "'no reasonable expectation of obtaining a favorable outcome.'" *Homere v. Incorp. Vill. of Hempstead*, 322 F. Supp. 3d 353, 368 (E.D.N.Y. 2018) (quoting *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994)); *see also Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (noting that bad faith under *Younger* "generally means a prosecution has been brought without a reasonable expectation of obtaining a valid conviction"); *Dougal v. Lewicki*, No. 23-CV-1167, 2023 WL 6430586, at *9 (N.D.N.Y. Oct. 2, 2023) (holding that the plaintiff's claim that "his neighbors' complaints which led to the charges were false" was "insufficient" to show bad faith or harassment, and did not "overcome the presumption that federal courts should not interfere in ongoing state criminal matters" (citing *Anilao v. Spota*, 27 F.4th 855, 866 (2d Cir. 2022)), *report and recommendation adopted*, 2023 WL 7013384 (N.D.N.Y. Oct. 25, 2023); *DeMartino v. New York State Dep't of Lab.*, 167 F. Supp. 3d 342, 355-56 (E.D.N.Y. 2016) (holding that the plaintiff's allegations that the criminal charges pending against him were based "on the false

statements" of the defendant did not "serve as the factual predicate for a plausible finding of bad faith").

Here, Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state-court criminal proceeding. The Court therefore will not intervene in that proceeding and denies his claims for declaratory and injunctive relief.

### 2.    *Habeas corpus* relief

For relief, Plaintiff seeks release from custody. But Plaintiff may not obtain release from custody in a Section 1983 action; instead, he can only obtain such relief by bringing a petition for a writ of *habeas corpus*. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement).

Some district courts have held that a state pretrial detainee may challenge the constitutionality of his detention in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.[3] *See, e.g.*, *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) (collecting cases). But before seeking *habeas corpus* relief under Section 2241, a state pretrial detainee must first exhaust available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas* relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in

---

[3] Where a pretrial detainee challenges his custody in a *habeas corpus* petition under Section 2241, courts have applied the *Younger* doctrine and declined to intervene in the state court proceeding. *See, e.g.*, *Jordan v. Bailey*, 570 F. App'x 42, 44 (2d Cir. 2014) (applying *Younger*, but noting that "the length of pretrial incarceration [52 months] is highly troubling and, on its face, raises substantial questions").

the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.*

Because the complaint does not suggest that Plaintiff exhausted his challenge related to the speedy trial motion in the state courts, the Court declines to recharacterize this Section 1983 complaint as a petition brought under 28 U.S.C. § 2241.[4] Any *habeas corpus* claims Plaintiff is asserting are dismissed without prejudice to refiling after Plaintiff has exhausted his state court remedies.

## LEAVE TO AMEND AND LITIGATION HISTORY

Plaintiff has previously filed complaints against judges and prosecutors challenging his criminal proceedings and seeking release. *See Griffin v. Corp. Counsel*, No. 22-CV-8521 (AS) (S.D.N.Y. Nov. 14, 2022) (dismissing claims against Judge Newbauer on immunity grounds; pending are conditions-of-confinement claims); *Griffin v. Warden*, No. 22-CV-6302 (S.D.N.Y. Dec. 7, 2022) (denying without prejudice Section 2241 petition on *Younger* grounds and for failure to exhaust state court remedies); *Griffin v. Warden*, No. 20-CV-1707 (AJN) (SLC) (S.D.N.Y. Mar. 10, 2020) (denying without prejudice Section 2241 petition for failure to exhaust).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

---

[4] When a district court construes a complaint brought under Section 1983 as a Section 2241 petition, it must notify the *pro se* plaintiff that it intends to recharacterize the pleading and provide the litigant an opportunity to decline the conversion or withdraw the petition. *Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004).

declines to grant Plaintiff leave to amend his complaint. *See Dwyer v. United Kingdom Gen. Commc'ns Headquarters*, No. 22-3012, 2024 WL 259693, at *1 n.1 (2d Cir. Jan. 24, 2024) ("While our cases generally discourage . . . dismissing an action *sua sponte* without notice and opportunity to respond, *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018), we have recognized exceptions for 'unmistakably' defective pleadings, *id.*, and serial litigation that 'reassert[s]' claims previously dismissed, *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000).").

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To the extent Plaintiff seeks *habeas corpus* relief, the dismissal is without prejudice to Plaintiff filing a petition under 28 U.S.C. § 2241 after he has exhausted his state court remedies.

Because Plaintiff has not, at this time, made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a civil judgment dismissing this case.

SO ORDERED.

Dated:    June 9, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge