UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEREMIAH J. GRIFFIN,

               Plaintiff,

-against-

KATHERINE DeMARTINI, ASSISTANT DISTRICT ATTORNEY (PROSECUTOR); JUDGE APRIL NEWBAUER; JUDGE BETH BELLER; JUDGE MIRIAM BEST,

               Defendants.

25-CV-00674 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff is detained on Rikers Island. He filed this action *pro se* and *in forma pauperis* ("IFP"), under the Court's federal question jurisdiction, asserting claims arising out of his state-court criminal proceedings. Named as Defendants are three state-court judges and a New York County Assistant District Attorney. By order dated June 9, 2025, the Court: (1) construed the complaint as asserting constitutional claims under 42 U.S.C. § 1983 and claims seeking *habeas corpus* relief under 28 U.S.C. § 2241; (2) dismissed the constitutional claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); and (3) dismissed the *habeas corpus* claims without prejudice to Plaintiff filing a Section 2241 petition after he exhausted his state court remedies. (ECF 9.) The civil judgment was entered on June 10, 2025. (ECF 10.)

    Plaintiff filed a notice of appeal and a motion for an extension of time to file a notice of appeal, both of which are dated August 8, 2025. (ECF 11, 12.) Plaintiff alleges that he was in "solitary confinement for the entire months of June, July, and August," which "hindered" him from timely filing a notice of appeal. (ECF 11 at 1.)

    For the reasons set forth below, the Court grants the motion for an extension of time to appeal.

## DISCUSSION

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case must be filed within thirty days after entry of judgment. The district court may extend the time to file a notice of appeal, however, if a plaintiff moves for an extension within thirty days of the expiration of the time to file notice of appeal, and shows excusable neglect or good cause for untimely filing. *See* Fed. R. App. P. 4(a)(5)(A).

Here, the Court entered judgment on June 10, 2025. Plaintiff signed his motion for an extension of time to appeal and notice of appeal on August 8, 2025, and under the prison mailbox rule, the Court deems these submissions filed on that date. *See Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) ("[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing.").

Plaintiff states that his appeal is late because he was in solitary confinement and unable to timely file a notice of appeal. Accordingly, for good cause shown, the Court grants Plaintiff's motion for an extension of time to appeal.

## CONCLUSION

For the reasons set forth in this order, the Court grants the motion for an extension of time to file a notice of appeal. The Clerk of Court is directed to process the appeal.

SO ORDERED.

Dated:   August 19, 2025
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                   Chief United States District Judge